UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEROLD ANTOINE,<br><br>**Plaintiff,**<br><br>v.<br><br>SUPERIOR COURT OF NEW JERSEY, APPELLATE DIVISION, PASSAIC COUNTY COURT, JEFFREY T. LAROSA, SCHENCK, PRICE, SMITH & KING, LLP, ROYALE INSURANCE AGENCY, GINA M. STANZIALE, ESQ., METHFESSEL & WERBEL, PC, AND MERCURY INSURANCE,<br><br>**Defendants.** | Civ. No. 15-1267 (KM)<br><br>**OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

Herold Antoine brings this action *pro se* alleging violations of his 5th and 14th amendment rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). Mr. Antoine's claims arise from prior litigation in New Jersey state court against his former car insurance provider, Mercury Insurance ("Mercury"), and insurance broker, Royale Insurance Agency ("Royale"). His claims against Mercury and Royale were dismissed with prejudice by the state trial-level court. Mr. Antoine also filed numerous motions before the New Jersey Appellate Division, all of which were denied as well. He now seeks to re-litigate his state court action in this federal court; he asks for "relief of all [state court] orders made in violation of the law." (Dkt. No. 1 ("Cplt.") p. 4) Antoine asserts Section 1983 claims against Mercury and Royale. To them, he adds claims against the New Jersey state courts that denied him relief, as well as the law firms and individual lawyers who successfully opposed his claims in state court.

1

Before the Court are defendants' motions to dismiss the complaint on various jurisdictional and substantive grounds. (Dkt. Nos. 13-2, 16, 27-4, 51) For the reasons discussed below, all claims against all named defendants are dismissed with prejudice. The parties' reciprocal requests for sanctions are denied.

## I. FACTUAL BACKGROUND

Mr. Antoine, plaintiff here, was involved in a car accident on June 11, 2008. (Dkt. No. 1 ("Cplt. Supp.") p. 1)[1] A passenger in Antoine's car was injured in the accident, and Mercury denied payment of the claim on the grounds that Antoine's policy had been cancelled. (Id.)

On June 10, 2013, Mr. Antoine sued Mercury and Royale in the Superior Court of New Jersey, alleging that they had defrauded him. (Dkt. No. 51 p. 6) On February 21, 2014, the court granted Royale's motion to dismiss with prejudice on the grounds that plaintiff failed to timely file an affidavit of merit. (Id.) While plaintiff's claims against Mercury remained pending, Antoine filed an appeal with the Appellate Division, which was dismissed as interlocutory. (Dkt. No. 16 p. 2) On August 8, 2014, Antoine's claims against Mercury were dismissed with prejudice for failure to provide required discovery. (Dkt. No. 51 p. 6, 27-4 p. 1) Antoine filed a motion for reconsideration with the Appellate Division, which was denied as untimely. (Dkt. No. 16 p. 2) Antoine then requested that the Appellate Division overlook the untimeliness and hear his reconsideration motion. (Id.) The Appellate Division agreed to hear the reconsideration motion, but denied it on the merits. (Dkt. No. 16 pp. 2-3)

Thereafter, Antoine filed a motion for "clarification," which the Appellate Division denied. (Dkt. No. 16 p. 3) He then filed a motion for "justification under the appellate rules for an appeal" and a motion for sanctions against the

---

[1]   Antoine's complaint consists of a few handwritten pages followed by a typed supplement. Because the page numbering between the two documents overlaps, the handwritten portion of the complaint is cited as "Cplt." and the typed supplement is cited as "Cplt. Supp."

2

attorneys for Mercury and Royale. (*Id.*) Those motions were denied on October 2, 2014. (*Id.*) Finally, Antoine wrote to the Appellate Division stating that it had made an "illegal decision" and violated his constitutional rights by denying his motions. (*Id.*) In response, the Appellate Division wrote to Antoine stating that he had exhausted his remedies with the Appellate Division and should contact the Supreme Court of New Jersey if he desired further review. (*Id.*)

On February 20, 2015, Antoine filed this complaint in federal court. In it, he asserts claims against (1) the Superior Court of New Jersey, Appellate Division, and the Superior Court of New Jersey, Law Division, Passaic County[2] (together the "state judiciary defendants"), (2) Royale, (3) counsel for Royale in the state action, Schenck, Price, Smith & King, LLP, and Jeffrey LaRosa, Esq., (together the "Schenck defendants"), (4) Mercury, and (5) counsel for Mercury in the state action, Methfessel & Werbel, P.C., and Gina Stanziale, Esq., (together the "M&W defendants"). In the complaint, Antoine states that he "was harmed emotionally by all of the defendants in this case." (Cplt. p. 4) He seeks "$3.7 million for punitive damages from each defendant" and states that the defendants' conduct was "outrageous." (*Id.*) Each of the defendants has filed a motion to dismiss Antoine's claims on a multitude of jurisdictional and substantive grounds. (Dkt. Nos. 13-2, 16, 27-4, 51)

In addition, Antoine has requested sanctions against the defendants for filing "frivolous" papers in response to his complaint. (Dkt. Nos. 24, 33) Defendants, in turn, request that they be awarded attorneys' fees and costs relating to this litigation. (Dkt. Nos. 16 p. 12, 27-4 p. 10)

## II.  STANDARD OF REVIEW
### a. Rule 12(b)(1) Standard

A motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*,

---

[2]  That court, where Antoine's state court action was heard, is clearly what was intended by the complaint's reference to "Passaic County Court." (Dkt. No. 13-2 p. 1)

3

67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Rule 12(b)(1) challenges are either facial or factual attacks. *See* 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007). The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Id.*

The state judiciary defendants' argument that they are immune from suit based on the Eleventh Amendment is postured as a facial challenge to the jurisdictional basis of the complaint. Accordingly, the Court will take the allegations of the complaint as true. *See Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

### b. Rule 12(b)(6) Standard

FED. R. CIV. P. 12(b)(6) and 12(c) provide for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. *See also* FED. R. CIV. P. 12(h)(2)(defense of failure to state a claim may be asserted in a Rule 12(c) motion).[3] The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels &*

---

[3] Because Mercury and the M&W defendants initially filed an answer to Antoine's complaint (Dkt. No. 8), the M&W defendants brought their motion as one for judgment on the pleadings pursuant to Rule 12(c). (Dkt. No. 51) For the same reason, Mercury's motion, although brought under Rule 12(b)(6), would be properly characterized as one under FED. R. CIV. P. 12(c). (Dkt. No. 27-4) Where the plaintiff is not relying on any admission in the defendants' answers, the same standard is applied under Rules 12(c) and 12(b)(6). *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). References in this Opinion to the standard applied on a 12(b)(6) motion should therefore be read to apply to a motion under Rule 12(c) as well.

*Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

Where, as here, the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, it must meet some minimal standard. "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 Fed. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## III. DISCUSSION

### a. State Judiciary Defendants

The state judiciary defendants argue that the complaint should be dismissed on a number of jurisdictional and substantive grounds. I need not move past their first argument—that Antoine's claims are barred by the Eleventh Amendment's grant of sovereign immunity. I agree and will dismiss Antoine's claims against the state judiciary defendants with prejudice.

The Eleventh Amendment to the Constitution, which is of jurisdictional stature, renders the states immune from certain claims: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. For more than a century, the Eleventh Amendment has been held to incorporate a more general principle of sovereign immunity. In general, it bars citizens from bringing suits for damages against any state in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984); *Kelley v. Edison Twp.*, No. 03-4817, 2006 WL 1084217, at *6 (D.N.J. Apr. 25, 2006) (citing *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 679 (D.N.J. 2003)); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890).

The plaintiff here sues under Section 1983. Although Congress may in some circumstances possess the power to override a state's sovereign immunity, it did not do so when it enacted Section 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Monetary claims for deprivations of civil rights under Section 1983 are therefore subject to the Eleventh Amendment sovereign immunity bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 58 (1989). Closely related is the principle that State entities are not "persons" who may be subject to liability under 42 U.S.C. § 1983. *Id.* at 70-71.

The state judiciary defendants argue that they are "entities of the State of New Jersey" who are entitled to the protections of the Eleventh Amendment. (Dkt. No. 13-2 p. 8) They are correct. *See Robinson v. New Jersey Mercer County Vicinage-Family Div.*, 514 Fed. App'x 146, 149 (3d Cir. 2013)(New Jersey county court was "clearly a part of the state of New Jersey," so "both the court itself and its employees in their official capacities were unconsenting state entities entitled to immunity under the Eleventh Amendment") (citing *Benn v. First Judicial Dist. Of Pa.*, 426 F.3d 233, 240 (3d Cir. 2005)); *Dongon v. Banar*, 363 Fed. App'x 153, 155 (3d Cir. 2010) (citing *Johnson v. State of N.J.*, 869 F. Supp. 289, 296-98 (D.N.J. 1994)).

The complaint does not formally name any of the individual New Jersey state court judges as defendants, but they are referred to in the body of the complaint. I will liberally construe this *pro se* complaint to name the individual judges involved in the state court proceedings as defendants. As to the individual judges, the Eleventh Amendment immunity would bar these claims for damages. *See Dongon*, 363 Fed. App'x at 156 ("[T]he state courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment...."). In addition, they enjoy absolute judicial immunity from claims, like these, based on judicial acts such as rulings. *See id.* at 155 ("[J]udges are entitled to absolute immunity from liability based on actions taken in their official judicial capacity.") (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)); *Capogross v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009).

Accordingly, all claims against the state judiciary defendants are dismissed with prejudice.

### b. Private Party Defendants

The remaining defendants—Royale, Mercury, the Schenck defendants, and the M&W defendants—argue that Antoine's Section 1983 claims against them fail for the opposite reason. Because they are purely private parties who

do not act under color of state authority, Section 1983 does not apply to them. I agree and will dismiss Antoine's Section 1983 claims against these defendants with prejudice.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to sufficiently set forth a Section 1983 claim, a complaint must allege not only the violation of a right secured by the Constitution or laws of the United States, but also that the alleged deprivation was committed by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint recites that Section 1983 provides a cause of action against "any person who acting under color of state law, deprives another of a federal right." (Cplt. Supp. p. 4) In conclusory terms, it alleges that the defendants violated Antoine's 5th and 14th amendment rights because they "emotionally harmed" him and because their conduct was "outrageous." (Cplt. p. 4)

There is no allegation that these private party defendants acted under color of state law, and there is no reasonable prospect that this could be plausibly alleged. Mercury is a private insurance agency. Royale is a private insurance broker. The Schenck defendants and M&W defendants are private attorneys. There is no doubt that such defendants are private rather than state actors and, generally, cannot be liable under Section 1983. *Gonzalez v. Feiner*, 131 Fed. App'x 373, 378 (3d Cir. 2005)(private defendants were not state actors where there was no nexus between alleged actions of the private parties and

state actors); *Steward v. Meeker*, 459 F.2d 669, 669-70 (3d Cir. 1972)(private attorney was not a state actor under Section 1983); *Polk County v. Dodson*, 454 U.S. 312 (1981)(even court-appointed defense attorneys do not act under the color of state law for purposes of Section 1983).[4]

Accordingly, Antoine's Section 1983 claims are dismissed with prejudice with respect to Mercury, Royale, the Schenck defendants, and the M&W defendants. Again, I do not address these defendants' remaining arguments.

### C. Requests for Sanctions

Antoine has filed an application and letters requesting "sanctions for frivolous litigation" under N.J.S.A. 2A:15-59.1. (Dkt. Nos. 24, 33)[5] The gist of these submissions is that the defendants' motion papers are "frivolous, unreasonable, and without foundation." (Dkt. No. 24 p. 3)

Under N.J.S.A. 2A:15-59.1, "[a] party *who prevails* in a civil action ... may be awarded all reasonable litigations costs and reasonable attorney fees...." N.J.S.A. 2A:15-59.1 (emphasis added). Mr. Antoine has not prevailed on any of his motions, whether at the state or federal level. *A fortiori*, the defendants' positions are not frivolous and unsupported. Accordingly, Antoine's request for sanctions is denied.

Similarly, I will exercise my discretion to deny the defendants' requests for sanctions against Mr. Antoine. *See* Dkt. Nos. 16 p. 12, 27-4 p. 10; *Morris v. Kesselring*, 514 Fed. App'x 233, 237 (3d Cir. 2013)(court "may" award attorneys' fees to a prevailing party in 1983 action but such a sanction "should not be assessed lightly") (citation omitted). I have granted the latitude due to a

---

[4] It is "possible" for a private party to be liable under Section 1983 if there is "a sufficiently close nexus between the State and the challenged action [of the private party] so that the action of the latter may be fairly treated as that of the State itself." *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). Facts suggestive of that rare exception are neither alleged nor inferable from the circumstances.

[5] In addition to docket entries 24 and 33, entitled "Application/Motion for Sanctions," Antoine has filed a number of other letters with the Court asserting that defendants' papers are "frivolous." *See, e.g.*, Dkt. Nos. 26, 31. To the extent any of Antoine's filings are intended as requests for sanctions, those requests are denied.

*pro se* plaintiff, and the defendants have not been put to any extraordinary expense or delay in this action.

## IV. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss the complaint and for judgment on the pleadings are GRANTED with prejudice. Amendment would be futile because the complaint fails to meet the most basic jurisdictional requirements and seeks relief against defendants who are immune. Both sides' requests for sanctions are DENIED.

Dated: December 29, 2015
Newark, New Jersey

*[signature]*
HON. KEVIN MCNULTY
**United States District Judge**